UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHRISTINE DEE MITCHELL, and THOMAS J. MITCHELL,<br><br>Plaintiffs,<br><br>v.<br><br>CHRIS BISCHOFF, et al.,<br><br>Defendants. | CASE NO. C14-5129 BHS<br><br>ORDER GRANTING IN PART AND DENYING IN PART AS MOOT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on Defendants Chris Bischoff, Michael Karnofski, and Jennifer Vines's ("Defendants") motion for summary judgment (Dkt. 33). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants in part and denies in part as moot Defendants' motion for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On February 13, 2014, Plaintiffs Christine and Thomas Mitchell ("the Mitchells") filed a complaint against Defendants alleging that their civil rights have been violated because their property rights have been unreasonably restricted. Dkt. 1.

ORDER - 1

On February 5, 2015, Defendants filed a motion for summary judgment. Dkt. 33. On February 10, 2015, the Mitchells responded. Dkt. 36. On March 3, 2015, Defendants replied. Dkt. 37.

## II. FACTUAL BACKGROUND

This is a case about the septic drainfield on Mrs. Mitchell's current property at 645 Ostrander Road in Kelso, Washington. The property is under the jurisdiction of Cowlitz County. The Mitchells sued Defendants because they were enforcing the Cowlitz County codes and ordinances when they denied the Mitchells' permit application to add a residence onto the existing septic system. The permit application was denied because the septic drainfield did not comply with Washington State and Cowlitz County health codes and ordinances.

In 1979, Robert Brown was the owner of the Ostrander Road property. Mr. Brown submitted plans to upgrade his home, adding (among other things) a bedroom. Mr. Brown's plans also included a replacement septic system, consisting of a steel 1,000-gallon tank and a 720-square-foot drainfield. The plans were approved on September 6, 1979. The installed drainfield was inspected and approved on October 17, 1980.

Thirty years later, in March 2010, Robert Brown needed to replace the steel septic tank with a 1,200-gallon concrete tank. Jim Chenier, the tank installer, and Mr. Brown submitted a permit application to Cowlitz County on March 1, 2010. The plans were filed on March 4, 2010. The County issued a permit and the new septic tank was installed and approved by March 8, 2010. Mr. Chenier did not inspect the drainfield at the time, nor was he required to do so.

1        According to the Mitchells' complaint, Mrs. Mitchell purchased the Ostrander

2 property in April 2012.  There is no evidence showing that she required a septic system

3 inspection before purchasing the property.  Later in 2012, Mrs. Mitchell's mother became

4 infirm and could not live independently.  Mrs. Mitchell decided to purchase a mobile

5 home and install it on her property. At the time Mrs. Mitchell purchased the Ostrander

6 Road property, the septic system was permitted for a single, four-bedroom house.  In

7 order to connect the mobile home to the existing septic system, the Mitchells intended to

8 seek a waiver from the County.

9        On August 27, 2013, Mrs. Mitchell sent correspondence to Cowlitz County

10 requesting a temporary dwelling permit for the mobile home.  As part of the permitting

11 process, Mrs. Mitchell was required to have a professional engineer inspect the septic

12 system and certify that the septic system had not failed and that it complied with certain

13 health codes and regulations.

14        The Mitchells hired Brian Hewitt, P.E., to perform the inspection for compliance.

15 The 1979 permit approved a restrictive mottling layer at 46 inches, with a maximum

16 drain field depth of 32 inches, allowing for 14 inches of separation between the septic

17 drain field and the groundwater level.  Mr. Hewitt, however, dug six holes in 2013 that

18 revealed mottling at depths of 18 to 31 inches.  In one place, only 4 inches of separation

19 between the drainfield and the groundwater level was recorded.  The current code

20 requires 24 inches of separation between the drainfield depth and the groundwater level

21 in order to allow proper filtration between the septic drainfield and groundwater level.

22 Mr. Hewitt reported that the septic system was not up to code, but then recommended

approval of the system because fewer residents than the average for a four-bedroom house lived at the property, and because Cowlitz County had different, more stringent, standards than other counties regarding septic systems. Because the items Mr. Hewitt relied on to "approve" the system were not congruent with Cowlitz County's regulations for septic systems, the septic permit/waiver was denied.

On October 16, 2013, while this dispute was pending, Mr. Mitchell applied for a permit to build a large garage/storage unit on the property. He received a building permit and built the structure. In mid-November 2013, Mr. Mitchell met with Chris Bischoff, the Environmental Health Manager of Cowlitz County, and Mr. Hewitt. Mr. Mitchell was informed at that time that he could not obtain the septic reconnection permit because the drain field had failed and must be replaced. Mr. Mitchell was also informed that the County could not issue a permit for the construction/installation of the mobile home because the septic drainfield had failed. Mr. Mitchell was informed that the only options were to either (1) not pursue the building permit, or (2) replace the septic drainfield.

On December 10, 2013, Mr. Mitchell appeared before the Cowlitz County Board of County Commissioners at its regular meeting. He demanded that the County pay for a new septic drainfield on the Ostrander property. He also stated that he had filed a Notice of Claim with the County. Because a Notice of Claim had been filed, the Board of Commissioners declined to comment on Mr. Mitchell's demands.

In January 2014, Jennifer Vines, MD, MPH, became the new County Health Officer. Mr. Mitchell contacted Dr. Vines to try and get her to write a letter supporting the request for waiver regarding the septic system. Dr. Vines spent a significant amount

of time investigating and considering the Mitchells' situation, at times consulting Mr. Bischoff. Dr. Vines eventually sent a letter to Mr. Mitchell reiterating that the septic system was out of compliance and the permit could not be issued. She laid out, in detail, all the options Mrs. Mitchell could implement to bring the septic system in compliance with the County codes/ordinances. She also informed the Mitchells that continuing to use the failed septic system could expose them to daily fines.

### III. DISCUSSION

**A.   Summary Judgment Standard**

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477

U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson*, 477 U.S. at 255). Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

**B.     Defendants' Motion**

There are numerous issues in this case that are irrelevant and need not be addressed by the Court because the Mitchells fail to state any basis for this Court's jurisdiction. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the lawsuit." Fed. R. Civ. P. 12(h)(3).

In this case, it appears that the Mitchells' only basis for jurisdiction is a constitutional "right to take care of your own." Dkt. 33 at 15. Defendants challenged this asserted basis for and existence of this right in their motion. *Id.* at 15–16. The Mitchells failed to respond to this argument or identify any other federal right that would

confer jurisdiction on this Court. The Court agrees with Defendants that there is no independent "right to take care of one's own." Without any actual or even alleged violation of a federal right, the Court must dismiss the claims in this lawsuit for lack of jurisdiction. Therefore, the Court grants Defendants' motion on this issue.

## IV. ORDER

Therefore, it is hereby **ORDERED** that Defendants' motion for summary judgment (Dkt. 33) is **GRANTED in part** and **DENIED in part as moot** because this Court lacks jurisdiction. The Mitchells' claims are dismissed and the Clerk shall close this case.

Dated this 27th day of March, 2015.

BENJAMIN H. SETTLE
United States District Judge